UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

  v.

D-1 Antonio Robinson, a/k/a "Woo",
D-2 Joshuan Porter, a/k/a "Juice",

    Defendants.
_____/

Case: 2:26−cr−20095
Assigned To : Michelson, Laurie J.
Referral Judge: Grand, David R.
Assign. Date : 2/23/2026
Description: INFO USA V. ROBINSON ET AL

Violation:  18 U.S.C. § 1349

## **INFORMATION**

The United States Attorney charges:

## **GENERAL ALLEGATIONS**

At all times pertinent to this Information:

### **Background Information**

1.    The United States Department of Education (hereinafter "DoE") was a department of the United States government with the primary responsibility of administering various educational financial assistance programs throughout the United States, including those authorized by Title 20, Chapter 28, Subchapter IV of the United States Code, and applicable federal regulations pertaining to student financial assistance.

2.    Among the educational financial assistance programs administered by DoE

were federally guaranteed student loan programs which required repayment of the educational loans awarded. One of the loan programs was the Federal Direct Student Loan Program (FDSLP). Included among the educational financial assistance programs administered by DoE were Federal grants that do not have to be repaid by the student and included Federal Pell Grants and Federal Supplemental Education Opportunity Grants (hereafter "SEOG").

3. In order to participate in federal educational financial assistance programs, or a state sponsored educational assistance program, a student was required to complete a Free Application for Federal Student Aid (hereafter "FAFSA"). The FAFSA required, among other information, the student's name, social security number, and adjusted gross income from the previous tax year. The FAFSA also required the student to certify that the information being supplied was true and correct. The student was also required to certify that any federal student financial aid funds received would be used for authorized educational expenses only, which included tuition, fees, supplies, housing, and subsistence. The FAFSA contained written notice that a false statement or misrepresentation on the application was punishable as a crime. In addition, the student must either have a high school diploma or its recognized equivalent (i.e., a General Educational Development ("GED") certificate), or obtained a passing score on an independently administered Ability-To-Benefit ("ATB") test. The students were also required to self-report

their high school graduation or GED.

4.      The completed FAFSA was processed by an DoE contractor to calculate the student's Expected Family Contribution (hereafter "EFC"). This was the amount the student-applicant or that student-applicant's family, were expected to contribute toward a student's college costs. This information was included in a report called a Student Aid Report (hereafter "SAR") or Individual Student Information Record ("ISIR"). If an email address was provided on the FAFS by the student-applicant, the DoE contractor sent an email with a link to the SAR for the student to review and make corrections if necessary.

5.      The DoE contractor sent the student-applicant's ISIR electronically to the schools listed by the student on the FAFSA. The school(s) then used the student's EFC and the cost of attendance, including tuition, fees, and living expenses, to determine the type and amount of federal and state student financial aid for which the student qualified. The school then certified the student's eligibility, enrollment status, recommended loan amounts, and other information.

6.      Depending upon the type of federal student financial aid for which the applicant applied and qualified for, funds were disbursed as follows:

7.      Funds from grants, including Pell Grants and SEOGs, and funds for the FDSLP programs were transferred via wire from the United States Treasury through the Federal Reserve System to the school's federal funds receiving bank

account, where the money was then transferred into its operating account to cover the student's outstanding tuition bills and other school fees.

8. In addition to the other application requirements set forth above, in order to obtain Federal Direct Student Loan funds, the student executed a Master Promissory Note (MPN). The MPN obligated the student to repay the loan. The execution of the MPN was generally done by accessing ED's online system to create, sign, and certify a MPN. The loan funds were then used by the school to cover the student's outstanding tuition bills and other school fees.

9. In both grants and the loan program, funds in excess of required school expenses were forwarded to the student to be used for other authorized education related expenses including books, supplies, housing, and subsistence. These funds were frequently paid via direct deposit, often onto debit cards issued in conjunction with the schools themselves. These debit-cards were mailed directly to addresses provided at the time of application.

10. Personal Identifying Information (PII) includes all means of identification which may be used alone or with other information to identify a specific individual, such as credit card account number or a driver's license number, as well as any other unique personal identifying information to include Social Security Numbers (SSN).

11. During the execution of a search warrant at Individual One's residence, a stand-alone computer was found with the screen powered on and open to the secure student login page for a local community college. On the same workstation as the computer were blue plastic baskets with index cards bearing the handwritten PII various individuals. Two of the baskets were labeled with the names of local community colleges. Multiple index cards handwritten with individuals' PII were located on top of the workstation itself and thousands of these cards were located overall. Further located at the residence were hundreds of debit cards in other's names, to include associated banks and schools (including three community colleges in Michigan) which have students' pictures on them. Mail related to these debit cards and their associated paperwork–sometimes with the debit card still attached–was also located.  Also found were typed out, itemized lists of PII and steps to the financial aid process with checkmarks on them. The steps included "Sched," "App," "FAFSA," "Loan Amount," "Card," and "MPN." These lists were broken out by school and responsible individual, with pages for both "Woo" (ANTONIO ROBINSON) and "Juice" (JOSHUAN PORTER).

**COUNT ONE**
**(18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)**

**D-1 Antonio Robinson,**
**D-2 Joshuan Porter,**

12. The allegations in paragraphs 1 - 11 are hereby repeated, realleged, and

incorporated by reference as if fully set forth herein.

13. Beginning sometime in 2015 and continuing until November 2023, in the Eastern District of Michigan, Southern Division, and elsewhere, Individual One, defendants ANTONIO ROBINSON, and JOSHUAN PORTER, and other individuals both known and unknown to the government did knowingly and voluntarily combine, conspire, confederate, and agree with each other to violate Title 18, United States Code, Section 1343, that is, to devise and execute a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, and the defendants and others transmitted and caused to be transmitted, by means of wire, radio, and television communication, writings, signal, pictures, and sounds in interstate and foreign commerce for the purpose of executing such scheme and artifice, all in violation of Title 18, United States Code, Section 1349.

14. The purpose of the scheme and artifice was for the defendants, and others, to unlawfully obtain Federal Student Aid funds to which they were not entitled. In executing the scheme, the defendants caused the transmission of writings, signals, and sounds by means of wire communication in interstate commerce.

15. It was part of the scheme and artifice that Individual One, ANTONIO ROBINSON, and JOSHUAN PORTER obtained the PII of various persons,

including their social security numbers, or recruited other persons to provide this information to them, which they used to fraudulently apply for and receive federal student financial aid in the names of the other person.

16. Individual One was primarily responsible for student enrollment and the submission of student aid applications. This involved using the PII of others to fraudulently register for one or more classes at educational institutions throughout the United States. Further, Individual One fraudulently applied for and obtained federal and state student financial aid, utilizing online application processes, in these names, from various electronic devices in the Eastern District of Michigan. This financial aid, including Pell Grants, SEOG, state-aid, and student loans, was paid by DoE and the State. During the application process, Individual One created email addresses in the names and identifiers of the victims. Those email addresses, as well as fictitious phone numbers and mailing addresses were provided to the schools, and DoE and its contractors.

17. In obtaining financial aid, defendant Individual One completed fraudulent FAFSAs by accessing the FAFSA on the internet. Before creating or accessing a particular FAFSA, Individual One obtained a PIN number, with a corresponding challenge question. This PIN number could thereafter be used to access the FAFSA to make corrections to the application and to electronically sign and certify a MPN. This PIN number was obtained by submitting the personal identifiers of

the applicant. Individual One often used the same pin numbers and the same answer to the pin-number challenge question across multiple applicants.

18. Individual One, in submitting fraudulent applications for the debit and bank cards, in furtherance of this scheme, provided his own address or other addresses which could be accessed or controlled by him as a given student's address. When prepaid debit cards containing refunds associated with the fraudulent applications were mailed, those debit cards were received by Individual One, defendants ANTONIO ROBINSON, JOSHUAN PORTER, or others. These fraudulently obtained debit cards were used by Individual One, defendants ANTONIO ROBINSON, JOSHUAN PORTER, and others to make cash withdrawal. A portion of the fraudulently obtained funds was sometimes given to others, including the purported "students."

19. ANTONIO ROBINSON and JOSHUAN PORTER played a variety of roles:

- At times, ANTONIO ROBINSON and JOSHUAN PORTER acted as "recruiters," convincing individuals to provide their PII for use in the scheme, in exchange for kickbacks.  ANTONIO ROBINSON and JOSHUAN PORTER then provided the students' PII to INDIVIDUAL ONE, who used it to apply for and obtain federal student financial aid and enroll in classes at various educational institutions.  When ANTONIO ROBINSON and JOSHUAN PORTER provided PII to INDIVIDUAL

ONE, they did so knowing the PII would be used to obtain funds from government programs to which neither they, nor INDIVIDUAL ONE, were entitled.

- At other times, ANTONIO ROBINSON and JOSHUAN PORTER acted as "runners." In this capacity they made withdrawals of financial aid funds from debit cards in students names—at times with the "students" themselves present—and paid kickbacks to cooperating individuals.

20. Individual One, and defendants ANTONIO ROBINSON, JOSHUAN PORTER did not intend to use, and did not use, the funds obtained for authorized educational purposes as represented in the applications.

21. Between 2015 and continuing until November 2023, Individual One, and defendants ANTONIO ROBINSON, JOSHUAN PORTER, fraudulently used the PII of more than 1200 individuals and thereby caused more than $16,000,000 in Federal Student Aid benefits to be awarded, with approximately $10,521,189.05 in FSA funds actually disbursed;

All in violation of 18 U.S.C. § 1349.

## FORFEITURE ALLEGATIONS

22. The allegations set forth in Count One of this Information are hereby incorporated by reference for purposes of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) together with

Title 28, United States Code, Section 2461(c).

23. As a result of the forgoing violation of Title 18, United States Code, Section 1349, as charged in Count One of this Information, the Defendants shall forfeit to the United States any property, real or personal, which constitutes, or is derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461(c).

24. <u>Substitute Assets</u>:  If the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

- Cannot be located upon the exercise of due diligence;

- Has been transferred or sold to, or deposited with, a third party;

- Has been placed beyond the jurisdiction of the Court;

- Has been substantially diminished in value; or

- Has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

25. <u>Money Judgment</u>:  Upon conviction of the violations alleged in Count One of this Information, the United States will seek a forfeiture money judgment against

the Defendant in an amount equal to the total amount of proceeds he obtained as a result of his violations of Title 18, United States Code, Section 1349 as alleged in this Information.

                                      JEROME F. GORGON, JR.
                                      UNITED STATES ATTORNEY

                                      *s/John K. Neal*
                                      JOHN K. NEAL
                                      Assistant United States Attorney
                                      Chief, Anti-Corruption Unit

                                      *s/Ryan A. Particka*
                                      RYAN A. PARTICKA
                                      Assistant United States Attorney

Dated: February 23, 2026

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number 2:26−cr−20095 |
|---|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | **AUSA's Initials:** R.P. |

**Case Title:** USA v. Antonio Robinson and Joshuan

**County where offense occurred:** Wayne and Oakland

**Check One:**   ☒ Felony     ☐ Misdemeanor     ☐ Petty

    ____Indictment/ ✓ Information --- **no** prior complaint.
    ____Indictment/____Information --- based upon prior complaint [**Case number:**           ]
    ____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____     **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

February 23, 2026
    Date

/s/Ryan Particka

Ryan Particka
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9100
E-Mail address: ryan.particka@usdoj.gov

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.